# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

**WELLINGTON J. MORSE**                    **CIVIL ACTION NO. 3:19-cv-01443**

**VERSUS**                                            **JUDGE TERRY A. DOUGHTY**

**C.R. BARD INC. AND BARD**              **MAG. JUDGE KAREN L. HAYES**
**PERIPHERAL VASCULAR, INC.**

## MEMORANDUM RULING

Pending here is Plaintiff's Motion for Voluntary Dismissal Without Prejudice [Doc. No. 25], filed on December 26, 2019. Plaintiff stated in his motion that he has requested that Defendants stipulate to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), but that Defendants have refused to do so unless certain conditions were added to the dismissal. Therefore, the Court issued a minute entry directing Defendants to file any opposition they may have to the proposed dismissal no later than January 3, 2020. [Doc. No. 28]. Defendants timely filed a response indicating that, while they do not oppose Plaintiff's request to dismiss, any stipulation as to dismissal should include suitable language acknowledging that the dismissal does not toll or extend any applicable statute of limitations or prescription period. [Doc. No. 29].

Rule 41(a)(2) permits the Court to dismiss a case on motion by plaintiff "on terms the court considers proper." "Although the decision is discretionary, the 'purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.'" *Bridge Oil, Ltd. v. Green Pacific A/S*, 321 Fed. Appx. 244, 245 (4th Cir. 2008) (quoting *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987)). The availability of conditions on such dismissal under Rule

41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir.1987). Consequently, a court should dismiss without prejudice and without conditions "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976) (quoting *Durham v. Florida East Coast Ry. Co*., 385 F.2d 366 (5th Cir. 1967)).

Defendants assert that, under Louisiana law, actions, such as this one, are subject to a one-year liberative prescription period. LA. CIV. C. art 3492. Article 3462 of the Louisiana Civil Code provides that prescription is interrupted when a lawsuit is filed in a court of competent jurisdiction and venue. LA. CIV. C. art. 3462. Ordinarily, when prescription is interrupted, "the time that has run is not counted" and "[p]rescription commences to run anew from the last day of interruption." LA. CIV. C. art 3466. However, interruption of prescription "is considered never to have occurred if the plaintiff . . . voluntarily dismisses the action at any time." LA. CIV. C. art 3463. Defendants therefore request that any dismissal order "should make that clear so as to not unduly burden this Court with an inappropriate renewal of claims and prejudice the Defendants in needing to challenge such a renewal." [Doc. No. 29, p. 3]

Here, the Court finds that the dismissal should be without conditions. If the law is as Defendants claim it is, then they will not suffer "some plain prejudice other than the mere prospect of a second lawsuit" if the requested language is left out of the judgment of dismissal. Accordingly, Plaintiff is entitled to the dismissal of his suit without prejudice and without the conditions requested by Defendants.

Monroe, Louisiana, this 6th day of January, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**